# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RICHARD HANSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00524 |
| ) | Judge Aleta A. Trauger |
| **JOHN MCBRIDE and JAM** ) | |
| **PRODUCTIONS d/b/a BLACKBIRD** ) | |
| **STUDIOS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

The parties have filed Trial Briefs on the issue of whether punitive damages are available for a retaliation claim under the Fair Labor Standards Act ("FLSA").[1] (Docket Nos. 68 & 69.) As both Hanson and the defendants acknowledge, "[t]here is a split of authority among the circuits as to whether punitive damages are available" for an FLSA retaliation claim, and the Sixth Circuit has not resolved the issue. *Williams v. King Bee Delivery, LLC*, 199 F. Supp. 3d 1175, 1187 (E.D. Ky. 2016*); see also Weckbacher v. Mem'l Health Sys. Marietta Mem'l Hosp.*, No. 2:16-CV-01187, 2019 WL 5725048, at *2 (S.D. Ohio Nov. 5, 2019) (observing that issue is unresolved in the Sixth Circuit and allowing plaintiff to seek punitive damages); *Felder v.*

---

[1] The defendants also argued earlier that Hanson failed to request punitive damages with sufficient specificity in his Complaint. At the pretrial conference, the court ruled that Hanson was not barred from seeking punitive damages (if the FLSA allows them) because Fed. R. Civ. P. 54(c) permits the court to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," unless the relief sought is a form of special damages under Fed. R. Civ. P. 9(g)."[S]pecial damages are those that, although resulting from the commission of the wrong, are unusual for the claim in question and not normally associated with the claim." 2 Moore's Federal Practice–Civil § 9.08 (2019). "Most courts do not treat punitive damages as special damages under Rule 9(g)." Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1310 (4th ed.); *see Figgins v. Advance Am. Cash Advance Centers of Mich., Inc.*, 482 F. Supp. 2d 861, 869 (E.D. Mich. 2007) (noting that, although the Sixth Circuit had not directly addressed the issue, "[p]unitive damages . . . are not thought to fall into the category of 'special damages' as a general rule").

*Charles H. Hill Contractors, Inc.*, No. 12-2102-DKV, 2013 WL 12033162, at *3 (W.D. Tenn. Oct. 24, 2013) (same). Although the FLSA does not expressly mention punitive damages, it does allow for "such legal or equitable relief as may be appropriate to effectuate the purposes of" the Act's anti-retaliation provision, 29 U.S.C. § 216(b), which, as a purely linguistic matter, is capable of encompassing punitive damages, if those damages are "appropriate," as the term is used in the statute. The determinative question, therefore, is whether the ordinary tools of statutory interpretation support the conclusion that punitive damages are one of the "appropriate" forms of "legal or equitable relief" covered by 29 U.S.C. § 216(b).

In *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000), the Eleventh Circuit concluded that punitive damages were not available because "the evident purpose of section 216(b) is compensation." *Id.* at 934. In support of that conclusion, it cited the other types of damages ordinarily available to an FLSA retaliation plaintiff—unpaid compensation, reinstatement, promotion, and liquidated damages—which it categorized as compensatory. Because all of the other types of available damages were compensatory, the court reasoned, then only compensatory damages were appropriate. *Id.* The court finds this aspect of the Eleventh Circuit's reasoning unpersuasive. There is nothing remarkable about punitive damages being the only non-compensatory damages available for a cause of action. If anything, the availability of other non-compensatory damages might make the argument for allowing punitive damages *more* questionable—such as where statutory treble damages are argued to foreclose punitive damages as duplicative. *See, e.g.*, *Glover v. Gen. Motors Corp.*, 959 F. Supp. 332, 334 (W.D. Va. 1997) ("To allow both treble damages and common law punitive damages would grant a duplicative remedy, a result which Congress certainly did not intend."). The fact that the other types of

damages available are compensatory, therefore, does not weigh against the availability of punitive damages where appropriate.

The Eleventh Circuit also reasoned that Congress's decision to include a separate criminal sanction for FLSA retaliation, *see* 29 U.S.C. §§ 215(a)(3), 216(a), was evidence that punitive remedies should be "limit[ed in] their application to cases in which the government can prove [the willful violation] beyond a reasonable doubt"—in other words, that there should be no punitive component of FLSA anti-retaliation law outside of a criminal prosecution. *Snapp*, 208 F.3d at 936. Again, however, the Eleventh Circuit was treating a wholly unremarkable detail as suggesting more than it does. It is entirely ordinary for a single course of wrongful conduct to be subject to both punitive civil damages and criminal sanctions. For example, in Tennessee, a reckless driver who injures another may be subject to punitive damages in a civil case. *See Medlin v. Clyde Sparks Wrecker Serv., Inc.*, 59 F. App'x 770, 774 (6th Cir. 2003). "Reckless driving," however, is also a Class B misdemeanor, Tenn. Code Ann. § 55-10-205—to say nothing of the numerous other automobile-related crimes a reckless driver may have committed. A legislature's decision to criminally prohibit conduct simply is not, in ordinary practice, an indication that it intends to foreclose punitive civil damages. Indeed, even *Snapp* itself included a concurrence acknowledging that this portion of the majority's argument was flawed. *See Snapp*, 208 F.3d at 939–40 (Carnes, J., concurring). Moreover, to take the argument one step further, the inclusion of criminal sanctions seems to support the conclusion that punishment—and not merely compensation—sometimes *is* "appropriate to effectuate the purposes of" the FLSA anti-retaliation provision.

Finally, the Eleventh Circuit noted that similar language in the Age Discrimination in Employment Act ("ADEA") has been construed to exclude punitive damages. *Snapp*, 208 F.3d at

3

938. This aspect of the Eleventh Circuit's reasoning is perhaps the most compelling, and Hanson does not dispute that the relevant ADEA language excludes punitive damages. (Docket No. 69 at 7 n.4.) Hanson responds, however, that the ADEA and FLSA have markedly different legislative histories that support different interpretations.

In that regard, the court is persuaded by the Seventh Circuit's reasoning in *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108 (7th Cir. 1990), in which the court held that FLSA allows punitive damages in appropriate cases, particularly in light of its history of amendment. The court noted first that damages available for FLSA retaliation had originally been limited to double an employee's lost wages, but, when Congress amended the statute in 1977, it added language specifically allowing "for such legal or equitable relief as may be appropriate to effectuate the purposes of" the anti-retaliation provision "*without limitation*" to the enumerated available remedies. *Id.* at 112 (quoting 29 U.S.C.A. § 216(b)) (emphasis added). The court noted next that allowing punitive damages would be consistent with the ordinary treatment of intentional torts. *Id.*[2] As the Seventh Circuit's analysis shows, there is simply no basis in either the language of the FLSA or the history of the Act to doubt that punitive damages are part of the expressly broad array of legal and equitable tools granted by Congress. *See also Felder*, 2013 WL 12033162, at *3 (adopting reasoning of *Travis* and holding that punitive damages are available); *but see Williams*, 199 F.Supp.3d at 1187 (adopting holding of *Snapp* but agreeing with critique of concurrence). The court will not read limitations into the statute that are not

---

[2] Although the Sixth Circuit has not resolved the question of whether punitive damages are available for FLSA retaliation, it cited the Seventh Circuit's reasoning in *Travis* favorably and extensively in its holding that non-monetary compensatory damages are available. *See Moore v. Freeman*, 355 F.3d 558, 563–64 (6th Cir. 2004). On the other hand, however, the Sixth Circuit also cited *Snapp* as part of the same analysis, because both *Travis* and *Snapp* can be read to support the award of compensatory non-economic damages. Moreover, the Sixth Circuit did include some of *Snapp*'s language regarding compensation being the purpose of § 216(b). *Id.* at 563. The Sixth Circuit's opinion in *Moore*, however, expressly acknowledged the circuit split regarding punitive damages and did not resolve the issue. *Id.* at 564.

there. If the remedy of punitive damages is necessary to effectuate the purposes of the FLSA—which it may be—then Hanson is entitled to those damages under the plain language of the statute. This court, accordingly, will allow Hanson to seek punitive damages.[3]

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[3] Although the court does not base its ruling on judicial economy, the court notes that the uncertainty of the underlying question means that the court must choose between allowing the jury to consider an issue that may turn out, on appeal, to have been unnecessary or, on the other hand, preventing the jury from considering an issue that Hanson is entitled to raise. Neither option is ideal, but holding an entire trial without the option of punitive damages only to later have to address the issue on remand would likely tax judicial resources more than simply allowing the jury to consider the issue and having any punitive damages awarded struck, if necessary, on appeal.